IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Milford Rogers, | |
| Plaintiff, | 18 C 5758 |
| v. | Hon. Sharon Johnson Coleman |
| Ofc. Parker, Ofc. Max, Ofc. Fleck, and Lt. Smith, | |
| Defendants. | Jury Trial Demanded |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendants, Ofc. Parker, Ofc. Max, Ofc. Fleck, And Lt. Smith (collectively "Defendants"), by their attorney KIMBERLY M. FOXX, State's Attorney of Cook County, through her Assistant State's Attorney, RYAN J. GILLESPIE, submits the following answer and affirmative defenses to the Complaint of Plaintiff Milford Rogers ("Plaintiff"):

1. In Division 10, tier 3C of the Cook County Jail on October 8, 2017 at approximately 5:30 pm, another inmate and W. Parker a correctional officer began a verbal altercation prompting Parker to reach for his mace.

**ANSWER**: Defendants admit that, on October 18, 2017, a group of inmates in Division 10, Tier 3C at Cook County Jail were in an altercation with correctional officers. Defendants further state that a group of inmates refused correctional officers' orders to lock up in their cells, and surrounded correctional officers in a threatening manner. Defendants further admit that Ofc. Parker reached for his mace to protect himself.

2. Fearing that I was in the path of the spray I began to move to the other side of the room.

1

**ANSWER**: Defendants admit that Plaintiff moved to the other side of the room. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2.

3. While defenseless I was then punched in the left eye by L. Max and tackled from the back by B. Fleck which landed me on the ground.

**ANSWER**: Defendants admit that Ofc. Max, in fear of a battery to correctional officers as Plaintiff struggled to avoid lying on the ground and being handcuffed, applied a closed-hand strike to Plaintiff's head, and that Ofc. Fleck performed an emergency takedown. Defendants deny the remaining allegations in paragraph 3, and further state that Plaintiff refused to comply with orders to lie down on the ground and submit to handcuffs.

4. Although I obeyed officers' orders to submit to handcuffs while been restrained, I was constantly kicked in the face and sprayed with mace then dragged me into the hallway by my feet which made it hard for me to breath and vomit from the effects of the spray.

**ANSWER**: Defendants deny that Plaintiff obeyed correctional officers' orders to submit to handcuffs, and further deny that any of the Defendants kicked Plaintiff in the face or that Plaintiff was "constantly sprayed with mace." Defendants admit that Plaintiff was in the crowd when correctional officers deployed mace and that, after being handcuffed, Plaintiff was taken into the hallway. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 4.

5. Lt. Smith then took me to the basement to a filthy condemned bathroom to a sink filled with scum and dirt to decontaminate me.

**ANSWER**: Defendants admit that Lt. Smith escorted Plaintiff to the bathroom so that he could be decontaminated. Defendants deny the remaining allegations in paragraph 5.

6. After I protest against the bathroom the rinsing from the bathroom made my injuries worse, leaving me temporarily with no vision in my reddened left eye ball.

**ANSWER**: Defendants deny the allegations in paragraph 6.

7. I was then returned to tier 3C which still contained fumes from the spray that prolonged my symptoms.

**ANSWER**: Defendants deny the allegations in paragraph 7.

8. Approximately two hours later, I was treated for my injuries giving pain pills and eye drops.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8.

9. I was examined daily there after I was issued a disciplinary ticket but was found not guilty on the charges.

**ANSWER**: Defendants admit that Plaintiff was issued a disciplinary ticket and was found not guilty on the charges, because he was not named in the incident report narrative. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 9.

10. The injuries to my face made it very hard for me to sleep do the extreme pains.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in in paragraph 10.

11. Tom Dart had knowledge of the entire incident and left them same officers in the building where I was detained and which they came on the tier the next day bragging about they did to me and that.

**ANSWER**: Defendants admit that they remained in Division 10, but deny that they came on to Tier 3C and bragged about the events complained of, and make no response to the remaining allegations in paragraph 11, as said allegations are not directed at them.

12. Tom Dart put his staff at risk after knowing about the incident in which he officer-staff used excessive force caused and imitated pain and suffering to me.

**ANSWER**: Defendants make no response to the allegations in paragraph 12, as said allegations are not directed at them.

13. Due to this complaint law writing about the injuries that was caused by all officers individual and the over spray of the officers.

**ANSWER**: Defendant deny that they violated Plaintiff's constitutional rights and lack knowledge or information sufficient to admit or deny the remaining allegations in paragraph 13.

I would like to be compensated for my 8th Amendment be violated also for my pain and suffering, for my safety being at risk for the officers failure to protect me from seeking two million dollars and upon my released from IDOC on June 14, 2014 I want my parole to be terminated. I am asking for one million dollars in compensatory damages and one million dollars for punitive damages.

**ANSWER**: Defendant deny that they violated Plaintiff's constitutional rights in any way, and further deny that Plaintiff is entitled to the relief requested in this paragraph.

## AFFIRMATIVE DEFENSES

Pleading in the alternative and without prejudice to the denials in their answer, Defendants assert the following separate affirmative defenses to Plaintiff's Complaint:

### I.
### 42 U.S.C. §1997e(a)

1. Plaintiff was, at all times relevant and on the date of filing, a prisoner.

4

2. Under Section 1997e(a) of the Prisoner Litigation Reform Act ("PLRA"), plaintiff must exhaust his administrative remedies before filing a Section 1983 lawsuit for damages.

3. Plaintiff's claims are barred to the extent that he has not exhausted his administrative remedies.

## II.
## 42 U.S.C. §1997e(e)

4. Plaintiff has requested compensatory damages but has not specified whether he seeks damages for mental or emotional distress.

5. Under Section 1997e(e) of the PLRA, no Federal civil action may be brought by a prisoner for mental or emotional distress without a prior showing of physical injury.

6. Plaintiff cannot show physical injury that is greater than *de minimis* and, as a result, cannot seek damages for alleged mental or emotional distress.

## III.
## Qualified Immunity

7. The conduct of the individual Defendants, Ofc. Parker, Ofc. Max, Ofc. Fleck, and Lt. Smith, was at all times objectively reasonable and did not violate any of Plaintiff's clearly established Constitutional rights.

8. Accordingly, Ofc. Parker, Ofc. Max, Ofc. Fleck, and Lt. Smith are all entitled to the defense of qualified immunity.

## IV.
## Failure to Mitigate

9. To the extent Plaintiff failed to act reasonably to mitigate his claimed injuries or damages, those facts shall be presented to preclude recovery for Plaintiff.

## JURY DEMAND

Defendants hereby request a trial by jury.

WHEREFORE, Defendants respectfully request that this Honorable Court enter an order: (a) dismissing Plaintiff's complaint with prejudice and assessing costs against Plaintiff and (b) providing Defendants with any other relief that this Honorable Court deems necessary and just.

    Respectfully submitted,

    KIMBERLY M. FOXX
    State's Attorney of Cook County

By:   */s/ Ryan J. Gillespie*
    Ryan J. Gillespie (ARDC # 6329728)
    Assistant State's Attorney
    500 Richard J. Daley Center
    Chicago, Illinois 60602
    (312) 603-7379
    Ryan.Gillespie@cookcountyil.gov